# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**PHILLIP LEE WILLYARD**
**ADC# 152418**                                                                                       **PETITIONER**

**VS.**            **CASE NO. 5:16-CV-323-KGB-BD**

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**                                                 **RESPONDENT**

## RECOMMENDED DISPOSITION

### I.    Procedure for Filing Objections

The following Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker. Mr. Willyard may file written objections with the Clerk of Court within fourteen (14) days of filing this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be waived. And, if no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.

### II.    Jurisdiction

Petitioner Phillip Lee Willyard, an inmate in the Arkansas Department of Correction ("ADC"), filed the pending petition for writ of habeas corpus under 28 U.S.C. § 2254. (Docket entry #2) In May, 2012, Mr. Willyard pleaded nolo contendere to

second degree sexual assault and was sentenced to 240 months imprisonment. (#2-1 at p. 26)

Mr. Willyard filed a federal habeas petition on March 13, 2014. In that petition, Mr. Willyard challenged the May, 2012 judgment and conviction, claiming that he was unlawfully arrested; that he was serving in combat operations in Iraq on or around the time of the alleged events; that he was unlawfully seized from a psychiatric facility; that he was "mentally incompetent when he was arrested and interviewed; that his counsel was legally ineffective; and that he was taking narcotics at the time of sentencing. The Court dismissed the petition with prejudice, finding that it was barred by the statute of limitations set forth in 28 U.S.C.§ 2244(d)(1), and that he had not established grounds for tolling the statute. *Willyard v. Hobbs*, No. 5:14-CV-00093-KGB, 2015 WL 1308438, at *2 (E.D. Ark. 2015).

Mr. Willyard appealed. The Court of Appeals for the Eighth Circuit denied him a certificate of appealability and dismissed his appeal. *Willyard v. Kelley*, No. 15-2095 (8th Cir. Sept. 18, 2015).

In this petition, Mr. Willyard challenges the same judgment and commitment order. (#2 at p. 1, #2-1 at p. 26) The Court lacks jurisdiction to hear Mr. Willyard's petition. As noted, Mr. Willyard has already challenged his conviction through a federal habeas petition. Before he is eligible to file another federal habeas corpus petition, he must seek and receive an order from the Court of Appeals for the Eighth Circuit

authorizing this court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Authorization is required even if the petitioner claims actual innocence in his second petition. 28 U.S.C. § 2244(b)(2)(B)(I)-(ii). Without an order from the court of appeals authorizing the filing of a second petition, the district court cannot hear the petition. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).[1]

Summary dismissal of a habeas corpus petition – prior to any answer or other pleading being filed by the respondent – is appropriate where the petition itself and court records show that the petition is a second or successive petition filed without authorization from the court of appeals. See Rule 4, Rules Governing Habeas Corpus Cases; *Blackmon v. Armontrout*, 61 Fed.Appx. 985, 985 (8th Cir. 2003). The pending petition is clearly successive.

### III.    Conclusion

The Court recommends that Judge Baker DENY and DISMISS Phillip Lee Willyard's petition for writ of habeas corpus (#2), without prejudice, for lack of jurisdiction. Furthermore, Judge Baker should deny a certificate of appealability.

DATED this 11th day of October 2016.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] The court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. § 2244(b)(2).